## Schwab v. Woods, Appellant.

*Contract—Sale—Transfer of possession—Question for jury.*

When a purchase of personal property is made in good faith, the fair and honest purpose of the vendor and vendee will not be defeated if the conduct of the parties showed that there was an intention to transfer the possession as well as the title, and the vendee assumes such control of the property as ought reasonably to indicate a change of ownership.

Where a person purchases personal property from a partnership, takes possession thereof, and pays a considerable portion of the purchase money, the fact that he does not pay the remainder of the purchase money until after a levy has been made upon the goods as the property of the partnership, is immaterial, if it appears that the sale was made in good faith. In such a case the question of good faith is for the jury. If there is a question as to the sufficiency of the possession of the purchaser, that question is also for the jury.

Submitted Dec. 17, 1903. Appeal, No. 160, Oct. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co.,

Dec. T., 1901, No. 4492, on verdict for plaintiff in case of Gustav A. Schwab v. Margaret H. Woods.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Feigned issue in an interpleader to determine the ownership of certain goods, chattels, tools and fixtures.   Before WILLSON, P. J.

At the trial it appeared that Louis J. Meslin and Frank P. Sparmaker, trading as the Acme Brass & Nickle Mfg. Company, on February 19, 1902, made a bill of sale of certain machinery, tools, patterns, office furniture, materials, stock, good will and business to Gustav A. Schwab.   It was the intention of the parties to form a corporation under the laws of the state of Delaware.   The evidence was conflicting as to whether the Delaware corporation or Schwab took possession of the property.   Schwab paid for the goods $633.29.   A large portion of this was paid prior to the levy of defendant Margaret H. Woods.

Other facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. Howard Morrison*, for appellant, cited : McKibbin v. Martin, 64 Pa. 352 ; Kendig v. Binkley, 10 Pa. Superior Ct. 463.

*M. Hampton Todd*, for appellee, cited : White v. Gunn, 205 Pa. 229.

OPINION BY MORRISON, J., March 14, 1904 :

This was an issue under the sheriff's interpleader act to try the title to certain goods and chattels levied upon by the sheriff under an execution in favor of Margaret H. Woods, defendant herein, and against Lewis J. Meslin and Frank P. Sparmaker, partners, as the Acme Brass and Nickel Manufacturing Company.

There is only one assignment of error and it is based upon

the refusal of the following point: "Under the law and the evidence in the case the verdict must be for the defendant."

An examination of the charge of the learned court below convinces us that the case was properly tried and fairly submitted to the jury, unless the defendant in the issue was entitled to a binding instruction that the plaintiff's claim of title to the goods in question was fraudulent in law. But the evidence warranted the jury in finding that this partnership had sold and delivered all of the property in question to the plaintiff in this issue, on February 19, 1902, and that he took possession of it on the next morning and continued in possession thereof, carrying on the business and paying the expenses until February 27, 1902, when the said levy was made.

It is urged that the plaintiff did not pay the purchase price agreed upon for this property until after the sheriff had levied thereon. The evidence shows that he paid part of the purchase money and became liable for the balance, and that he actually paid more than $600 of his own money for the goods and chattels in dispute. It is true some of this money was not paid until after the levy. But having purchased the property and taken possession and assumed liability for the purchase money, we cannot see how it lies in the mouth of the defendant to raise any question about when the money was paid, except as it bears upon the bona fides of the transaction, and this question was fairly submitted to the jury and must have been found in favor of the plaintiff.

In our opinion, under the evidence in this case, the question of whether the transfer from the partnership to the plaintiff herein was fraudulent as against creditors was one for the jury, and it would have been error for the court to have controlled this question by a binding instruction. We think the case on its facts falls within the class of cases to which White v. Gunn, Appellant, belongs, 205 Pa. 229. In that case Mr. Justice BROWN in an elaborate opinion considers the question of whether a transfer of personal property is a fraud in law or in fact, and of course this depends upon the evidence (p. 232). Mr. Justice BROWN says: "When a purchase is made in good faith, the fair and honest purpose of the vendor and vendee will not be defeated, if the conduct of the parties shows that there was an intention to transfer the possession as well as the title,

and the vendee assumes such control of the property as ought reasonably to indicate a change of ownership. Knowing this to be the rule, the learned trial judge could not, as a matter of law, with the evidence before him upon which the appellee relied to show that he had taken and retained possession of the property, have declared the transaction constructively fraudulent. If the jury believed this evidence, they were justified in finding that the sale was as honest in law as it was in fact." Many other cases upon this question are cited in Judge Brown's opinion.

There is an attempt to set up a defense on the ground that the property in question was really owned by a foreign corporation, which had not complied with the law in Pennsylvania requiring such corporation, before engaging in business in this state, to register with the auditor general. The difficulty about this branch of the defense is the concession that the property belonged to the partnership, trading as the Acme Brass and Nickel Manufacturing Company. This partnership conveyed the property by bill of sale duly executed and delivered on February 19, 1902, to the plaintiff in this issue. And he continued in possession down to and after the levy. It is true there was a dispute as to his possession being sufficient as against creditors of the partnership, but the court submitted this question to the jury and it was found in favor of the plaintiff. It, therefore, appears that the foreign corporation never had title to the goods and chattels in dispute. The pinch of this case was whether the partnership sold and delivered the property in question to Schwab so that he took a good title as against the creditors of the vendors. And the jury having found this controlling question in favor of Schwab settles the whole question.

In our opinion the issue was well tried and the controlling questions properly submitted to the jury, and, therefore, the assignment of error is dismissed and the judgment affirmed.